UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHUMIAH HUBBARD,
on behalf of Z.A.G.,

    Plaintiff,

v.

                                        Case No. 17-13204
                                        Hon. Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation. **[Doc. No. 16]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 17 and 18]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not commit reversible error when finding that there were not marked limitations in four functional domains. Plaintiff's arguments: (1) largely consist of a recitation of the arguments set forth in her brief in support of her motion for summary judgment, and (2) ask the Court to examine the evidence and conclude that such evidence dictates a finding of marked limitations in four functional domains. *See* Dkt. No. 17, PgID 332 ("As stated in Plaintiff's brief, the overwhelming weight of the evidence supports a marked limitation in Plaintiff's ability to Acquire and Use Information, Attend To and Complete Tasks, Relate to Others and Care for Oneself."). The Court is not persuaded by Plaintiff's arguments.

First, a party cannot succeed by relying on and regurgitating the arguments set forth in her summary judgment brief, as that approach is not appropriate or sufficient. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)). Second, as the Magistrate Judge stated, "Essentially, [Plaintiff] is requesting that the court reweigh the evidence to determine whether Z.A.G. should have been found disabled," which is not permissible. *See* Dkt. No. 16, PgID 320 (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted) (if supported by substantial evidence, the Commissioner's decision must be "affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion").

Third, the Court finds that Plaintiff's objections identify isolated, specific instances in the record that support her position, but Plaintiff fails to acknowledge that many of those instances involved situations when Z.A.G. had not taken medication prescribed for her to help her manage those situations. Fourth, Plaintiff's argument that Z.A.G. has difficulty caring for herself and forgets to take medications is not surprising. Z.A.G. was only seven years old when the claim was filed and approximately 11 years old when the case was filed. At either age, a

child is unlikely to be able to care for herself or, especially, remember to take medications.

Finally, even if there is not substantial evidence to support the ALJ's conclusion that Plaintiff suffered a marked limitation with respect to the Attend To and Complete Tasks domain,[1] the Court finds that there is substantial evidence in the record to support a finding that there were not marked limitations in three of the four functional domains identified by Plaintiff (Acquire and Use Information, Relate to Others, and Care for Oneself). As Plaintiff does not argue that Z.A.G.'s impairments constitute extreme limitations with respect to the Attend To and Complete Tasks domain (or any other area), and as Plaintiff can show that Z.A.G. had marked limitations in only one functional domain, Plaintiff cannot succeed in establishing Z.A.G.'s disability. *See* 20 C.F.R. § 416.926a(a); *Lintern v. Colvin*, 2015 WL 6541692, at **6-7, n.3 (E.D. Mich. Oct. 29, 2015).

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally

---

[1] The Magistrate Judge reached that conclusion, *see* Dkt. No. 16, PgID 326-27, and the Court agrees.

erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[Doc. No. 16, filed October 19, 2018]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 17, filed October 31, 2018]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 10, filed January 5, 2018]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 15, filed March 20, 2018]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                                            s/Denise Page Hood
                                            Chief Judge, U.S. District Court

DATED: March 19, 2019